**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**HOWARD F. HUSUM, JR.,**

          **Plaintiff,**          No. 06-cv-1402
                                          (GLS/RFT)

       v.

**RAYMOND J. RICHARDSON, JOHN BACHELLER, JOSEPH LACIVITA, ROBERT REGAN, JOE DOE, RICHARD ROE, NYS DEPARTMENT OF ECONOMIC DEVELOPMENT, NYS EMPIRE STATE DEVELOPMENT CORPORATION, NYS EMPIRE STATE DEVELOPMENT, and STATE OF NEW YORK,**

          **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Office of Alexander B. Perry | ALEXANDER B. PERRY, ESQ. |
| 1835 Fifth Avenue | |
| Troy, New York 12180 | |
| | |
| **FOR THE DEFENDANTS:** | |
| HON. ANDREW M. CUOMO | RICHARD LOMBARDO, ESQ. |
| New York Attorney General | |
| The Capitol | |
| Albany, New York 12224 | |

**Gary L. Sharpe**
**U.S. District Judge**

## **SUMMARY ORDER**

On February 29, 2008, the court issued a Text Only Order directing the parties to file the necessary papers to terminate this action or, in the alternative, directing the plaintiff to file his response papers to the pending motion to dismiss on or before March 21, 2008.  The Text Only Order informed the plaintiff that no further extensions of time would be permitted.  As of the date of this Summary Order, the plaintiff has not responded to the defendants' motion to dismiss.  Accordingly, the plaintiff's Complaint is dismissed for failure to prosecute.

A district court may dismiss a Complaint *sua sponte* for failure to prosecute.  *See Martens v. Thomann,* 273 F.3d 159, 179 (2d Cir. 2001); *see also* FED. R. CIV. P. 41(b).  In determining whether such dismissal is appropriate, the court should consider the duration of the delay occasioned by the plaintiff's conduct, whether the plaintiff has received notice that further delay would result in dismissal, whether the defendant is likely to be prejudiced by further delay, the plaintiff's right to due process, and the efficacy of lesser sanctions.  *See Martens,* 273 F.3d at 180.  No one factor is dispositive.  *Id.*

In this case, the plaintiff's repeated requests for extensions of time to

2

respond to the pending motion to dismiss have resulted in a lengthy delay. The defendants' motion to dismiss was filed on February 16, 2007, and, more than a year later, the plaintiff's response has yet to be filed. While it is true that the extensions of time were approved by the court, it is also true that on three occasions the plaintiff missed a deadline and did not request an extension of the deadline until prompted by a phone call from the court.[1] Additionally, the plaintiff did not file the Status Report due on January 14, 2008 until prompted by a phone call from the court. In sum, the plaintiff has failed to diligently prosecute this action. Moreover, in the Text Only Order dated February 29, 2008, the plaintiff was given fair warning that no additional extensions of time would be permitted. Thus, the first two factors cited in *Martens* weigh in favor of dismissal for failure to prosecute.

The remaining three *Martens* factors also militate in favor of dismissal. It is self-evident that the defendants are prejudiced by plaintiff's conduct, in that their motion to dismiss is no closer to resolution now than it was on the day that it was filed over a year ago. As for the plaintiff's right to due process, the court has heretofore been receptive to the plaintiff's

---

[1] The court takes judicial notice of the fact that the letter requests dated September 13, 2007 (Dkt. No. 22), October 11, 2007 (Dkt. No. 24), and December 11, 2007 (Dkt. No. 28) were each filed only after plaintiff's attorney had been contacted by the court.

3

requests for additional time.  It cannot be said that the plaintiff lacked a fair opportunity to respond to the defendants' motion.  Finally, lesser sanctions are unlikely to be effective, in light of the plaintiff's track record of disregarding deadlines and orders.

    **WHEREFORE,** for the foregoing reasons, it is hereby

    **ORDERED** that the plaintiff's Complaint is dismissed for failure to prosecute.

    **IT IS SO ORDERED.**

Date: May 19, 2008
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge

4